"In reference to the note given to Barton-Parker Mfg. Co., now held by the American Trust & Savings Bank of Cedar Rapids, Ia., on which you have paid fifty dollars, total amount due two hundred and forty dollars, divided into five payments of forty eight dollars each, all of which are now due. . . . ".

Appellee did not in any manner deny this claim, neither in answers to the letters nor in any other way.

The trial court erred in granting the peremptory instruction in favor of the appellee, and the case is therefore reversed and remanded.

*Reversed and remanded.*

Smith, C. J., not having been present at the conference, expresses no opinion.

---

Barrett Grocery Co. v. Western Union Tel. Co.

[67 South. 481.]

Telegraphs and Telephones. *Mistake. Liability.*

Where plaintiff's telegram, as sent, called for five hundred bushels of seed corn, worth one dollar and ten cents per bushel and the message as delivered to the sendee called for seven hundred ninety-five bushels and the sendee actually shipped seven hundred eighty-eight bushels, the excess shipment being two hundred eighty-eight bushels, and plaintiff took up the draft accompanying the shipment knowing at the time he was paying for more than he had ordered, and sold the excess at a loss, he cannot recover of the telegraph company such loss, since he was under no obligation to accept or pay for more than he had ordered.

Appeal from the circuit court of Holmes county. Hon. Monroe McClurg, Judge.

Suit by Barrett Grocery Company against the Western Union Telegraph Company. From a judgment for defendant, plaintiff appeals.

This case was begun by the appellant in the court of a justice of the peace for the sum of one hundred and fifteen dollars and twenty cents. On a trial *de novo* in the circuit court, a peremptory instruction was granted to the defendant, who was appellee here, and this appeal is prosecuted.

The appellant ordered seed corn from the Shenandoah Pure Seed Company, of Shenandoah, Iowa, by wire, sending the following telegram:

"Ship us seventy-five bushels St. Charles White, seventy-five bushels Silver Mine, one hundred and fifty bushels Banner White, two hundred bushels Monoch of Iowa."

This telegram was transmitted correctly from the office at Lexington, Miss., but as delivered to the said company at Shenandoah, Iowa, read as follows:

"Ship us seventy-five barrels St. Charles White, seventy bushels Silver Mine, one hundred fifty bushels Banner White, two hundred bushels Monoch of Iowa."

The telegram, as sent, called for five hundred bushels of seed corn, worth one dollar and ten cents per bushel, making a total of five hundred and sixty dollars. The telegram, as delivered to the sendee, called for seven hundred and ninety-five bushels. The sendee actually shipped seven hundred and eighty-eight bushels, billed out at eight hundred and eighty-six dollars and eighty cents; the excess shipment being two hundred and eighty-eight bushels, at one dollar and ten cents per bushel. Appellant could not sell this excess as seed corn, but did sell it as feed corn at seventy cents per bushel, and entailed a loss of forty cents per bushel on the excess, making a net loss of one hundred and fifteen dollars and twenty cents to appellant.

The draft, accompanied by bill of lading and invoice, was sent to a bank in Lexington, Miss.; and appellant,

before receiving the corn, had knowledge of the fact that more corn than he had ordered had been shipped, and testified that he knew he was paying for more corn than he had ordered, but that he needed the five hundred bushels for the purpose of filling orders for his customers, and that he took up the draft and received the excess corn because he desired to carry out his contracts with his customers.

The court gave a peremptory instruction for the telegraph company, upon the theory that the appellant knew that he was paying for more corn than he had ordered at the time he accepted it, and was under no obligation to accept or pay for more than he had ordered.

*Noel, Boothe & Pepper,* for appellant.

After all the evidence was heard by the circuit court on appeal in this cause to that court, the court refused peremptory instruction for plaintiff, appellant here, who had recovered judgment in the justice court for full amount of damages, and granted defendant a peremptory instruction, thereby in our humble opinion committing two errors.

The court below based its action upon the holding of our court in the case of *Shingleur & Co.* v. *Western Union Telegraph Co.,* 72 Miss. 1030, although the facts in the two cases are directly opposite; in above case the shipment of the cotton was made by plaintiff, who was also appellant, after plaintiff knew of the contents of the telegram and the errors and all the facts connected therewith; in the instant case nothing was known of the error in the transmission and delivery of the telegram in question until after the corn had not only been shipped, but delivered at Lexington, Mississippi, and paid for by appellant. This case is on all fours with and covered by the case of *Postal Telegraph & Cable Co.* v. *William L. Wells,* 82 Miss. 733.

The facts in this case are identical with the facts in the instant case, the only difference being that in one case the error in telegram is quantity and in the other the price. The facts stated in brief in Lyon case are as follows: "The italicised words (shown by underscore) show the difference between the message as written by Knowles Bros. and as delivered to appellees. Appellees at once replied to Knowles Bros. by telegram as follows: 'Ship eighty barrels Baldwins two forty, balance car Kings quoted.' Pursuant thereto Knowles Bros. shipped from Lockport to appellees at Meridian a carload of apples with bill of lading attached to sight draft upon appellee for purchase price and freight, and appellee promptly paid the draft. There were one hundred barrels of King's apples in the consignment, hence because of the difference of one dollar per barrel arising under the mistake in transmission and delivery of the above message, appellees later discovered that they had paid one hundred dollars more than the supposed purchase price. There was no question of the good faith of Knowles Bros. and appellees sued the Telegraph Company for one hundred dollars compensation for the loss suffered by them."

Appellees recovered judgment and the same was affirmed without opinion. Suggestion of error being filed by the Telegraph Company. Judge Whitfield, then chief justice, handed down the opinion of the court, in which the Shingleur case is again construed and distinguished.

This court in the Shingleur case in referring to and citing the case of *Pepper* v. *Telegraph Co.,* 87 Tenn. 554, 4 L. R. A. 660, with comment and approval, adopted the following rule as laid down in *Pepper's case,* 4 L. R. A. 664, last paragraph of opinion.

"Where the conduct of the party injured in his effort to extricate himself from loss does not appear to have been improvident nor in bad faith, and the loss;

is shown from such conduct, the burden of proof is upon the author of the wrong to show that the loss might have been mitigated by a different course of conduct, which a reasonably prudent man ought to have taken. In the absence of such proof the loss as shown will be taken as the correct measure of damages in the particular case. Of this the wrong doer certainly cannot complain—the fault being his that there is not proof that some other course of conduct would have lessened the damages.''

There is not the slightest question raised by appellee that appellant did not do everything in its power to minimize and mitigate consequent damages suffered by appellant on account of appellee's error in the transmission and delivery of telegram. Appellant having clearly shown affirmatively that it did the very thing ''which a reasonably prudent man'' ought to have done.

*H. H. Elmore,* and *Harris & Potter,* for appellee.

1. The measure of damages is the same whether the action is *ex contractu* or *ex delicto. Rogers* v. *Telegraph Company,* 68 Miss. 753; *Express Company* v. *Jennings,* 86 Miss. 329.

2. Unless grocery companies, in the great multitude of cases, sell goods before receiving the same and, in the ordinary course of things, on that account are so circumstanced as to make it necessary to accept and pay for a largely excessive shipment, the damages claimed cannot be recovered, because it was not in the contemplation of the parties, defendant having no notice except the contents of the telegram. *Express Company* v. *Jennings,* 86 Miss. 329; *Clifton* v. *Telegraph Company,* 68 Miss. 309; *Pierce* v. *Telegraph Company,* 82 Miss. 492; *Alexander* v. *Telegraph Company,* 66 Miss. 161; *Jacbos* v. *Telegraph Company,* 92 Miss. 789.

3. Plaintiff knew it was not legally or morally obligated to pay the money which it did pay for the loss of which it seeks to hold appellee liable. *Shingleur & Company* v. *Telegraph Company*, 72 Miss. 1030.

4. Plaintiff acted for the Shenandoah Pure Seed Company in disposing of the excess corn by agreement with that company. The loss complained of is the loss of plaintiff's principal.

5. Plaintiff shows that it could have obtained the amount of corn it desired in from four to six days. We say that in addition to all we have said as to the knowledge on the part of the plaintiff, when it received the corn, it had suffered no legal damage, it voluntarily assented to assume a loss which it did not sustain.

Nothing can be better settled than that the plaintiff under these circumstances, suffered no legal injury. This is clearly a case in which the doctrine of *volenti non fit injuris* applies. See 40 Cyc., page 217, and cases cited in the notes; also 68 L. R. A. 469. No principle is better settled. The plaintiff knew that it was under no legal obligation to take the corn; that was evidenced by the letter which it wrote to the shipper, the shipper knew that he had to sustain the loss because he agreed to protect the plaintiff. This it seems to us ought to end the case. There was neither a mistake of fact or a mistake of law on the part of the plaintiff. It acted with its eyes open.

It is not necessary to go outside of the Shingleur case for authorities. That case covers the case at bar completely, and it establishes those principles which must govern in this case. First, that in cases of this character, an altered message establishes no contract, because there is no meeting of the minds of the parties. Second, that a party who ships goods or who receives goods (as in the Lyons case) knowing he is receiving or shipping more than he ordered, creates no legal obligation against the Telegraph Company for

reimbursement of the money paid or lost. Third, that action under these circumstances is voluntary; that the only party who would have a right of action against the Telegraph Company is the party who acts without knowledge of an altered message to his damage. If the altered telegram as in the Shingleur case and as in this case, induced the sendee to act in good faith to his damage, he has a right of action against the Telegraph Company. If the sender of the message is in ignorance of the alteration in the message and acts to his damage, as in the Lyons case, he has a right of action.

In this case there is nothing whatever, that savors of compulsion. In The Shingleur case, Shingleur contended that he was acting under what he considered a "business obligation," in other words, that his correspondent having executed sale notes for the cotton, there was a business obligation recognized by him, which required him to make the delivery in order to save his credit. Certainly there is nothing more in this case than that. The court held in the Shingleur case that this was not sufficient. But aside from all that, the facts in the case at bar are much stronger than in the Shingleur case. The shipper of the corn agreed to protect the plaintiff. This emphasizes the fact that the loss was voluntarily assumed. Both parties, the plaintiff and his correspondent recognized the want of any legal obligation on the part of the plaintiff to accept the corn. Of course, the shipper may have a right of action against the Telegraph Company for the loss, but certainly the plaintiff had none.

Per Curiam. This case is controlled by the case of *Shingleur* v. *Western Union Telegraph Co.,* 72 Miss. 1030, 18 So. 425, 30 L. R. A. 444, 48 Am. St. Rep. 604, and the judgment of the circuit court is therefore affirmed.

*Affirmed.*